# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CARRERA-VIRULA,<br><br>    Petitioner,<br>vs.<br><br>ALBERTO GONZALES, et al.,<br><br>    Respondents | CASE NO. 07CV0439 BEN (AJB)<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |

On March 8, 2007, Petitioner Daniel Carrera-Virula ("Petitioner") proceeding *pro se* filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner now seeks appointment of counsel. For the reasons that follow, Petitioner's motion is **DENIED**.

There is no "constitutional right to counsel in federal habeas corpus." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *see also, Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further"). But "Section 3006A(g) provides that counsel may be appointed for an impoverished habeas petitioner whenever 'the court determines that the interests of justice so require'. . . ." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984), *quoting*, 18 U.S.C. § 3006A(g); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) ("The district court has discretion to appoint counsel for indigents when it determines that the interests of justice so require."). To decide whether these exceptional circumstances exist, a district court must

1 evaluate both "'the likelihood of success on the merits and the ability of the [plaintiff] to articulate his
2 claims *pro se* in light of the complexity of the legal issues involved.'" *Id*. (Citations omitted); *see*
3 *also, Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994) (The Court "should consider the legal
4 complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and
5 present his claim, and any other relevant factors."). Petitioner has offered no argument regarding the
6 requisite likelihood of success. (*See, generally* Motion.) *See also, Rand v. Rowland*, 113 F.3d at 1525
7 (Denying request for appointment of counsel because, in part, plaintiff "offered no argument to the
8 effect that he had any requisite likelihood of success."). Moreover, the issues presented in the case
9 do not warrant an evidentiary hearing and will be properly decided on the administrative records
10 alone. Similarly, Petitioner has not "show[n] that because of the complexity of the claims he
11 was unable to articulate his positions." *Id; see also, id* (Plaintiff "must show that because of the
12 complexity of the claims he was unable to articulate his positions."). He merely claims he has no
13 knowledge or education in the legal proceedings. But, judging from the Petition, filed *pro se*,
14 Petitioner seems to have a good grasp of his case and the legal issues involved. *See, LaMere v.*
15 *Risley*, 827 F.2d 622, 626 (9th Cir. 1987) ("LaMere's district court pleadings illustrate to us that he
16 had a good understanding of the issues and the ability to present forcefully and coherently his
17 contentions.") Accordingly, Petitioner's request for appointment counsel is **DENIED** without
18 prejudice.

19 **IT IS SO ORDERED.**

21 DATED: August 20, 2007

23 Hon. Roger T. Benitez
United States District Judge

25 cc: All parties and respective counsel